Randy Lee GREGORY, Appellant,

v.

STATE of Indiana, Appellee.

No. 29S02–8802–CR–176.

Supreme Court of Indiana.

Feb. 4, 1988.

Gerald M. DeWester, Noblesville, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

CRIMINAL PETITION FOR TRANSFER

GIVAN, Justice.

Appellant has filed a "Petition to Transfer" from the Court of Appeals. We grant

transfer for the limited purpose of covering a point raised by appellant which was not addressed in the Court of Appeals opinion. We adopt and affirm the Court of Appeals opinion with the following addition.

In his motion to correct error, in his appellate brief, and in his petition for rehearing in the Court of Appeals, appellant raised a question as to the admissibility of the testimony of police officer Bruce Graham concerning statements made by appellant's codefendant, Johnny Gregory, in appellant's presence and acknowledged as true by appellant. These statements were made during the booking procedure of appellant and his codefendant.

■ Appellant claims these statements were not admissible because appellant did not testify at trial and that Johnny Gregory had charges pending relating to his case and could not be called as a witness because of his right to remain silent. Declarations against interest made by one codefendant in the presence of and adopted by another codefendant are admissible as an exception to the hearsay rule. *Lynk v. State* (1979), 271 Ind. 445, 393 N.E.2d 751.

■ In the case at bar, when Johnny Gregory made his incriminating statement, appellant nodded his head indicating to the police officer that he agreed. When Johnny Gregory made a second incriminating statement, appellant answered "yeah." When appellant is present and participates in the conversations of his codefendant, his actions and statements are provable as admissions against interest. *Hall v. State* (1928), 199 Ind. 592, 159 N.E. 420.

We hold the trial court did not err in permitting Officer Graham to testify.

The opinion of the Court of Appeals in this case is unpublished; however, in affirming that decision, we see no necessity in requiring publication.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.